I concur in the main opinion, but I write specially to note the main opinion's consideration of Barbee's invocation of a "promptness" requirement that is applicable only to forfeiture proceedings under the Controlled Substances Act rather than forfeiture proceedings under Alabama gambling laws. Although the text of the statute upon which the forfeiture at issue is based, i.e., § 13A-12-30, Ala. Code 1975, contains no language concerning the duty of district attorneys to promptly institute forfeiture proceedings, the commentary to that statute indicates that it "continues" certain repealed provisions of former Title 13 of the 1975 Code, including Ala. Code 1975, § 13-7-73. Under § 13-7-73, upon the receipt of a sheriff's report of seizure and detention of a gambling device, "it shall be the duty of the district attorney . . . to forthwith file a complaint in the circuit court of the proper county" seeking a forfeiture judgment (emphasis added). I therefore agree that it is appropriate to consider whether "some comparable promptness requirement" has been satisfied, although I perceive no material distinction between a duty to file a complaint "forthwith" and a duty to institute forfeiture proceedings "promptly."